UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-2507-KK-SPx** | Date: | December 2, 2024 |
| Title: | *Ryan Abair v. Home Depot* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) ORDER TO SHOW CAUSE Regarding Subject Matter Jurisdiction

On November 22, 2024, plaintiff Ryan Abair ("Plaintiff"), proceeding pro se, filed a Complaint against defendant Home Depot ("Defendant"). ECF Docket No. ("Dkt.") 1. Plaintiff states the complaint is for "personal injury, no regard for human life. Reopen case and resolve ASAP." Id. at 1. The Complaint sets forth claims for "subpoena video from incident," "default judgment," and "justice." Id. at 4-6. While not entirely clear, the claims appear to arise out of a state case identified as "CIVSB 2303831." Dkt. 1-1.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]" Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006). The party asserting federal jurisdiction bears the burden of proving jurisdiction exists. Me. Cmty. Health Options v. Albertsons Cos., 993 F.3d 720, 723 (9th Cir. 2021).

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. With respect to the parties' citizenship, an individual is deemed to be a citizen of the state where they are domiciled, see Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983), and a corporation is deemed to be a citizen of the state where it is incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1). With respect to the amount in controversy, "the sum claimed by the plaintiff [in the complaint] controls if the claim is apparently

made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotation marks omitted).  However, a "facially implausible figure does not satisfy the amount in controversy requirement." Parker v. U.S. Bank Trust, N.A., No. CV 20-9697-ODW-RAOx, 2020 WL 7479633, at *2 (C.D. Cal. Dec. 18, 2020).

Here, Plaintiff fails to meet his burden of establishing the Court has jurisdiction over this action.  First, none of the causes of action alleged in the Complaint present a federal claim.  Second, Plaintiff fails to establish diversity jurisdiction.  As an initial matter, Plaintiff has not adequately alleged his citizenship.  In addition, the Court is not persuaded Plaintiff's claim for punitive damages in the amount of $40 million is sufficiently plausible to satisfy the amount in controversy requirement.  See Redford v. Greendot Corp., No. CV 20-3260-JGB-PVCx, 2021 WL 785147, at *7 (C.D. Cal. Jan. 14, 2021) ("[W]hen the amount in controversy depends largely on alleged punitive damages, the court will scrutinize a claim more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed. . . .  The mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." (internal quotation marks, brackets, and ellipsis omitted)), report and recommendation adopted, 2021 WL 784955 (C.D. Cal. Feb. 26, 2021); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient.").

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.  The Court notes dismissal without prejudice would permit Plaintiff to file this action in state court.  Plaintiff shall file a response to this Order **no later than seven days from the date of this Order**.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed for lack of subject matter jurisdiction and may also result in monetary sanctions.**

**IT IS SO ORDERED.**